**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SEKOU KOITA,

Plaintiff,

v. No. 1:25-cv-00792-SMD-JFR

ACE AMERICAN INSURANCE
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

Defendants.

**ORDER DISMISSING THE CASE WITHOUT PREJUDICE**

**THIS MATTER** is before the Court sua sponte for consideration of dismissal due to Plaintiff Sekou Koita's failure to prosecute. Specifically, Plaintiff failed to timely respond to Defendant ACE American Insurance Company ("ACE")'s June 15, 2026 Motion to Dismiss for Failure to State a Claim, Doc. 39, and further failed to comply with the Court's Order to Show Cause, Doc. 48.

**BACKGROUND**

This case concerns an insurance dispute following a semi-truck accident and has been removed to federal court. *See* Doc. 1. On June 15, 2026, Defendant ACE filed a Motion to Dismiss for Failure to State a Claim. *See* Doc. 39 ("Mot. to Dismiss"). Plaintiff's initial response deadline was June 29, 2026. *See* D.N.M.LR-Civ. 7.4(a). On June 29, 2026, Plaintiff filed an unopposed motion for a 14-day extension, explaining that he was preparing a motion for leave to file a third amended complaint that could narrow or moot some or all issues in Defendant's motion to dismiss. *See* Doc. 40. The Court granted the extension, resetting Plaintiff's response deadline to July 13, 2026. Doc. 41.

On July 10, 2026, Plaintiff's former counsel filed a motion to withdraw pursuant to D.N.M.LR-Civ. 83.8, citing irreconcilable differences. Doc. 42 ¶ 1. In the motion, former counsel indicated that they had advised Plaintiff in writing of all pending deadlines in this matter, including the July 13, 2026 deadline to respond to Defendant's Motion to Dismiss, and the consequences of failing to respond under D.N.M.LR-Civ 7.1(b). *Id.* ¶ 3.

Contemporaneously, Plaintiff's former counsel filed a second motion for an extension of time to respond to Defendant's motion to dismiss, requesting additional time for substitute counsel to enter an appearance and respond. Docs. 42, 23. The Court granted both the motion to withdraw and the second extension motion, resetting Plaintiff's deadline to respond to August 13, 2026. Docs. 44, 45.

Plaintiff missed the new deadline, and no substitute counsel has entered appearance as of the date of this Order. On August 26, 2026, the Court issued an Order to Show Cause directing Plaintiff to explain in writing by September 16, 2026 why Defendant's motion to dismiss should not be granted as unopposed under D.N.M.LR-Civ. 7.1(b). *See* Doc. 48. The Court cautioned Plaintiff that failure to timely respond or provide an adequate explanation might result in the Court granting the motion to dismiss without prejudice. *Id.* Plaintiff has failed to respond to the Order to Show Cause.

## LEGAL STANDARD

The District of New Mexico's Local Rules of Civil Procedure provide that "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). But despite the definitive phrasing of the local rule, it is settled law in this circuit that a court may not grant a dispositive motion merely because an opponent fails to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–

78 (10th Cir. 2003) (holding that a court must address the merits of a motion to dismiss notwithstanding the plaintiff's failure to respond); *Sawyer v. USAA Ins. Co.*, 912 F. Supp. 2d 1118, 1134 (D.N.M. 2012).

The requirement that a court consider the merits before granting an unopposed motion to dismiss is "consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Issa*, 354 F.3d at 1177–78.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). A dismissal with prejudice, on the other hand, is a harsh remedy, and the district court should ordinarily first consider certain criteria. *Id.*

The district court's decision to dismiss an action for lack of prosecution will not be overruled absent an abuse of discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Nasious*, 492 F.3d at 1161; *Joplin v. Sw. Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982).

**DISCUSSION**

While Local Rule D.N.M.LR–Civ. 7.1(b) provides that "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," it is settled law in this circuit that a court may not grant a dispositive motion merely because an opponent fails to respond. *See Issa*, 354 F.3d at 1178 ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must

still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.”). The Court therefore cannot treat ACE’s motion to dismiss as unopposed and grant it on that basis alone.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action “[i]f the plaintiff fails to prosecute or to comply with the “[Federal Rules of Civil Procedure] or a court order.” Fed. R. Civ. P. 41(b); *Manygoat v. Jacobs*, 347 F. Supp. 3d 705, 706–07 (D.N.M. 2018). Rather than addressing the merits of the motion to dismiss, the Court dismisses this case without prejudice due to Plaintiff’s failure to prosecute and to comply with the Court’s Order to Show Cause. “A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.” *Reed*, 312 F.3d at 1195.

“Dismissals pursuant to Rule 41(b) may be made with or without prejudice.” *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009); *Mansfield v. Armendiaz*, 491 F. Supp. 3d 1007, 1009 (D.N.M. 2020). When dismissing a case without prejudice, the district court is not required to consider the criteria applicable to a dismissal with prejudice. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). “Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff’s failure to prosecute.” *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

Plaintiff received sufficient notice and ample time to respond. Former counsel stated that they advised Plaintiff of all pending deadlines, specifically the deadline to respond to the motion to dismiss, and the potential consequences of failing to respond. Doc. 42 ¶ 3. Former counsel also secured a second extension of time on Plaintiff’s behalf. Docs. 43, 44.

The Court also provided Plaintiff with sufficient notice and opportunity to respond. The Court granted two extensions of time for Plaintiff. Docs. 41, 44. When Plaintiff failed to meet those deadlines, the Court issued an Order to Show Cause to afford Plaintiff another opportunity to explain the non-compliance, but Plaintiff has again failed to respond. *See* Doc. 48. Because Plaintiff failed to comply with the Order to Show Cause, respond to ACE's motion to dismiss, or otherwise prosecute this action, the Court dismisses the case without prejudice under Rule 41(b) without reaching the merits of the motion to dismiss.

**CONCLUSION**

**IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b). The Court does not reach the merits of the pending motion to dismiss, Doc. 39.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**